Mr. Robert H. Berntsson Punta Gorda City Attorney City Hall 326 West Marion Avenue Punta Gorda, Florida 33950-4492
Dear Mr. Berntsson:
On behalf of the Punta Gorda City Council, you ask substantially the following question:
Is a referendum required to amend the Punta Gorda City Charter to change not only the date for qualifying as a candidate for the city council but also the term of office from two years to three years?
In sum:
While a referendum is not required to change the date of, or qualifying dates for, municipal elections, a referendum is required to amend the municipal charter to change the term of office of city council members from two years to three years.
According to your letter, the Punta Gorda City Charter provides for five council members to be elected for two-year terms, with staggered terms.[1] Municipal elections, therefore, are held every year on the first Tuesday after the first Monday in February.[2]
The final qualifying date for all candidates for the city council
"shall be 5:00 p.m. on the first business day after the January 1 previous to the date of election. In the event runoff elections shall be necessary, such runoff election shall be held on the first Tuesday after the third Monday of February."[3]
The city council is interested in changing the language of the qualifying periods to read:
"The final qualifying date for candidates for council member seats in district 1, 3 and 5 shall be 5:00 p.m., on the first business day after January 1, 2002, and thereafter 5:00 p.m. the first business day after January 1 every three years thereafter[.]"
The final qualifying date for districts 2 and 4 would likewise be the first business day after January 1, 2003 and thereafter every three years.
The city charter would also be amended to change the term of office for all council members from two years to three years.
You refer to Attorney General Opinion 00-61 in which this office was asked whether a city could amend its charter by ordinance to move the dates of city elections from April to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November.
Section 166.031, Florida Statutes, sets forth the procedures to be observed in amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters. For charters adopted prior to July 1, 1973, and not subsequently readopted, section 166.021, Florida Statutes, repealed or changed into ordinances many of the limitations contained in such charters. Subsection (4) of the statute, however, provided that nothing in Chapter 166, Florida Statutes, the Municipal Home Rule Powers Act, was to be construed as permitting any changes in a special law or municipal charter that affect certain subject matters set forth therein, including "the terms of elected officers," without referendum approval as provided in section 166.031, Florida Statutes.
During the 1995 legislative session, legislation was introduced to amend section 166.021, Florida Statutes. Section 1 of Chapter 95-178, Laws of Florida, amended section 166.021(4) to read in pertinent part:
"However, nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . the terms of elected officers and the manner of their electionexcept for the selection of election dates and qualifying periodsfor candidates and for changes in terms of office necessitated bysuch changes in election dates, . . . without approval by referendum of the electors as provided in s. 166.031. . . ." (e.s.)
In addition, Chapter 95-178, supra, created section 100.3605, Florida Statutes, relating to the conduct of municipal elections.[4] Subsection (2) of section 100.3605 provides:
The governing body of a municipality may, by ordinance, change the dates for qualifying and for the election of members of the governing body of the municipality and provide for the orderly transition of office resulting from such date changes.
An examination of the legislative history of the legislation indicates an intent that municipalities would be authorized to amend their charters to change the election dates and qualifying periods for candidates, including any changes in terms of office necessitated by such amendment, without a referendum.[5]
In light of the above, this office in Attorney General Opinion 00-61 concluded that a city may by ordinance amend its city charter to move the dates of city elections from April to November to coincide with federal, state, and county elections, and to extend the terms of the sitting commissioners to November.
Unlike the above opinion, however, the change in the term of the city council members that the City of Punta Gorda is proposing is not necessitated by a change in the date of the election or the qualifying period for the city council members. Rather, the reverse is true. The city is interested in changing the terms of office for council members from two years to three years. The change in the language relating to the qualifying period is necessitated by this change, which will affect future city council members. In Attorney General Opinion 00-61, only the sitting officers' terms were extended due to the change in the date of the election; the term of office of future officers, however, remained the same. In the instant inquiry, the city is interested in changing the term of office for future council members.
Accordingly, the change in term of city council members from two years to three years does not, in my opinion, fall within the exception recognized in sections 166.021(4) and 100.3605, Florida Statutes. As noted above, section 166.031, Florida Statutes, requires that charter amendments be submitted to the voters for approval. In addition, section 166.021(4), Florida Statutes, requires referendum approval of any pre-1973 charter provision affecting the terms of elected officers.
Therefore, I am of the opinion that while a referendum is not required to change the date of, or qualifying dates for, municipal elections, a referendum is required to amend the Punta Gorda City Charter to change the term of office of city council members from two years to three years.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Article III, s. 2, Punta Gorda City Charter.
[2] Article IX, s. 1, Punta Gorda City Charter.
[3] Id.
[4] Section 2, Ch. 95-178, Laws of Florida.
[5] See, House of Representatives Committee on Ethics and Elections Final Bill Analysis Economic Impact Statement on HB 2209 (passed by the Legislature as Ch. 95-178, Laws of Florida), dated May 10, 1995, stating:
"HB 2209 authorizes amendment of a municipal charter or special act without referendum for the purpose of changing municipal election dates and qualifying periods for candidates and for the adjustment of terms of office necessitated by such date changes. . . ."
And see, the title for Ch. 95-178, Laws of Florida, stating in pertinent part:
"An act relating to municipal elections; amending s. 166.021, F.S.; authorizing amendment of a special law or municipal charter for the purpose of changing election dates and qualifying periods for candidates, including any changes in terms of office necessitated thereby, without referendum; creating s. 100.3605, F.S.; . . . providing for change of qualifying periods and election dates by ordinance and for the orderly transition of office; providing an effective date."